1838.

CROCHERON
*v.*
JAQUES.

---

CROCHERON and another, Executors of Crocheron, deceased, *v.* JAQUES, *et al.*

---

Testator bequeathed to his wife, to her sole use, control and disposition, $5,000, from out of the residue of his estate, and, at her own option, to have the amount in cash, after his executors should have collected it or take that sum out of his notes, bonds, mortgages, &c., and in case of deficiency, then such deficiency to be made out of real estate—and, by a "*postscript*" or informal codicil, the testator added : "And in case my beloved wife does not demand or require said sum to be paid to her from out of my said real estate, said estate shall be and remain chargeable and liable to her as a lien for said amount of $5,000, which said lien she may give, grant or bequeath in any way she may deem proper :" *Held*, that the wife took a gift of the $5,000 out and out, and the power to appoint did not limit it.

Where executors are appointed for the purposes expressed in a former part of the will, (" to execute and perform my desires and requests hereinbefore expressed") and the testator adds a *postscript* authorizing a sale of real estate, but designates no one to make it, the same becomes a power in trust which devolves on the court of chancery to execute.

1838.

CROCHERON
v.
JAQUES.

April 26,
1838.

Will.
Bequest.
Power in
Trust.

QUESTIONS upon the construction of the will of Daniel Cro-
cheron, late of Northfield.

Extracts from the will: "I request my executrix and ex-
ecutors hereinafter named, to pay and discharge, from out of
my personal property, my funeral expenses and all just debts
outstanding against me without unnecessary delay; but delay
in ascertaining them or any part of them, shall not operate to
prevent the heiress of my personal effects from immediately
entering into quiet, peaceable, unmolested and unrestricted
possession of the same, my said personal property remaining
subject to discharge such debt or debts whenever they may be
ascertained previous to the final settlement of my estate. As
regards my will respecting my property or worldly estate:
1st. I give and bequeath to my beloved wife, Jane Crocheron,
all my personal effects, consisting of household and kitchen
furniture, farming implements or utensils, stock of domestic
animals, hay, grain, crops in the ground and every other article
or thing of personal effects belonging to me, of whatever kind
or description, wherever the same may be, to the sole and
only use of her, her heirs and assigns for ever. I also will
and bequeath to my said beloved wife, to her sole use, control
and disposal, a sum or amount of $5,000, from out of the re-
sidue of my estate; and at her own option to have the said
amount in cash after the same be collected by my executrix
and executors, or accept the said amount with her own choice
of selection, out of the notes, bonds, mortgages and other
amounts or evidences of debts due to me; and in the event of
any deficiency in these or of such as may be selected as afore-
said, making up the said amount of $5,000 hereby bequeathed
to her, such deficiency shall be made up from the sale of such
part, except that hereinafter allotted to my brother Reuben, of
my real estate as my said beloved wife and executrix may
deem proper and expedient. I furthermore will and bequeath
to my said beloved wife, so long as she remains my widow or
remaining unmarried during her natural life, the exclusive pos-
session, use, occupancy and enjoyment of, and all the rents,
profits, benefits, emoluments and advantages arising from all
and every other part of my estate, except the part hereinafter
mentioned as otherwise bequeathed. And if at any time my
said beloved wife should prefer, owing to age, infirmities or

other cause to have the interest of the value of said estate instead of the use and occupancy of it, the same may be sold conformable to law when an advantageous or, in the opinion of my executrix and administrators, a fair price can be obtained, and the proceeds of such sale being safely invested to the satisfaction of my said executrix, secured by bond and mortgage on unincumbered estate, the interest thereof shall be payable to my said beloved wife so long as she lives and remains my widow; and in the event of her marriage or decease, said portion of my estate or the moneys or securities arising from the sale thereof, shall be disposed of as hereinafter mentioned. In case said portion of my estate or any part thereof be rented out through considerations of advantage or interests to my said beloved wife, my executors shall be authorized to prevent the commissions of waste by the tenants or occupants. And it is my will that no more timber be cut from my wood lands than necessary for fencing or other use of said portion of my estate, and no more fire wood be cut therefrom than may be consumed as fuel in the residence or dwelling of my beloved wife on said estate. And it is my will in making the foregoing bequests, that part of the same be considered as in lieu of dower to my beloved wife, and from all and any right of dower my estate be entirely freed and exonerated. 2d. It is my will to appropriate to the use, benefit and advantage of my brother Reuben and his family, all that part of my real estate situate in the township and county aforesaid, lying between, &c. 3d. After the decease of my said beloved wife Jane Crocheron, or in the event of her marriage, it is my will that all and every part of my estate not herein before bequeathed and granted away for ever to the persons herein before mentioned and to their heirs and assigns, shall be inherited by and belong to, under certain conditions hereafter mentioned, my brothers Jacob, &c. To this, my last will and testament, annulling, cancelling and revoking all former wills by me made, I hereby do make, constitute and appoint my beloved wife Jane, before mentioned, my executrix, and my nephew John J. Crocheron, and my neighbor and friend Henry Crocheron as my executors, to execute and perform my desires and requests hereinbefore expressed. *Postscript:* In the first clause of my bequests, the writer has not understood my meaning

and will relative to the disposition of my personal estate, and I now make known that it is my will that all notes, bonds, mortgages, accounts and all evidences of debt due to me whatsoever, together with cash in hand, shall be deemed and considered as pertaining and included in my personal effects, property or estate, all of which I give and bequeath without any exception whatsoever to my beloved wife, Jane Crocheron, to the sole use of her, her heirs and assigns for ever. And the said sum of five thousand dollars which is mentioned in said first clause of my bequests, as given, granted and bequeathed to my beloved wife, the same shall be paid out of and be made chargeable on any and all my real estate, except that part thereof bequeathed to my brother Reuben and his family. And whenever my said wife may wish to have the said sum of $5000 paid over to her, and desires the farm to be sold to realize for her the said sum, the said farm may be sold conformable to law, and paying the said amount to her, the balance of the purchase money shall be invested in the manner therein before directed, and the interest arising therefrom to be paid to her during the period hereintofore mentioned, as under the circumstances mentioned in said first clause of her preferring the interest of the value of the property to the use and occupancy thereof. And in case my beloved wife does not demand or require said sum to be paid to her from out of my said real estate, said estate shall be and remain chargeable and liable to her as a lien for said amount of $5000, which said lien she may give, grant or bequeath in any way she may deem proper."

Mr. *M'Donald*, for the complainants.

Mr. *Roosevelt* and Mr. *Grim*, for different defendants.

THE VICE-CHANCELLOR :—The will under consideration in this cause is, to my mind, an exceedingly plain one, though, in some respects, untechnically and inartificially expressed, but not to such an extent as to obscure its object and meaning.

By the first devising clause and the postscript, taken in connection as they must be, it is very clear that the testator gives to his wife Jane the whole of his personal estate of every kind

and description without any exception whatever, and this is an absolute gift to her, as declared "to the sole use of her, her heirs and assigns for ever," which, however, are words of surplusage and not necessary to its being an absolute gift. Of course the debts and funeral expenses are first to be paid out of the personal estate and she takes it subject to the payment of the debts, &c., as is also declared in the previous part of the will.

It is equally clear that the legacy of five thousand dollars to the wife is a gift out and out of so much money to be raised out of the real estate, by a sale thereof, except the part left to the brother Reuben. Both by the first devising clause and the explanatory one, called the *postscript*, this is shown to be as absolute a legacy as can well be expressed, though the testator has not used the words heirs and assigns; but he says it is to her sole use, control and disposal. There are no words of restriction, nothing to show that he intended to give her the mere use of it or that she should hold it only so long as she remained a widow or for her life merely. It is only the real estate or the rents and profits of the real estate that is given to her during life or during her widowhood. If she remained a widow all her lifetime and in the possession and enjoyment of the real estate, then she might not receive the five thousand dollars in money, as a sale, for the purpose of raising it would oblige her to give up the possession; and in the event of her not requiring the property to be sold in her lifetime, the legacy being charged on the real estate, she is authorized to give, grant or bequeath the money in any way she may deem proper. This is giving her a power of appointment over the legacy, in the event of her not requiring the payment of it to her in her lifetime; and so far from its qualifying the gift, I think it shows more strongly the intention of the will to give her an absolute interest and right of ownership not restricted to her life or widowhood.

The next point is as to the manner of raising this legacy of five thousand dollars. The testator directs that whenever his wife may wish to have this sum paid over to her and desires the farm to be sold to realize for her the said sum, the farm may be sold conformable to law; and, paying the amount to her, the balance of the purchase money shall be invested, &c.

1838.

CROCHERON
v.
JAQUES.

Here is an explicit direction for a sale of the farm conformable to law, for the purpose of raising the money, which is a charge on the land. But who is to make the sale? The will, in this part of it, is silent on the subject. In the previous clause appointing executors, he says they are "to execute and perform my desires and requests *herein before expressed.*" What is before expressed in the will does not relate to a sale at all events for the purpose of raising money to pay this legacy; it was only in the event of a deficiency of personal estate, as the will was at first written, that the sale of the real estate was to be resorted to, and perhaps it might be objected that the executors' powers are limited or restricted to that event and do not extend to the events that are afterwards declared in the *postscript*—at least, it is doubtful whether the executors have the power, except by implication. But there can be no doubt of its being a valid power, though the persons to execute are not designated. It is a power in trust, as defined by the revised statutes, and is imperative, the performance being compellable in equity for the benefit of the parties interested: 1 R. S. 734, sec. 94, 95, 96, and by sec. 101, where a power in trust is created by will and the testator has omitted to designate by whom the power is to be exercised, its execution devolves on the court of chancery. Under this authority, there can be no difficulty in making a decree for the sale of the farm and that Mrs. Jaques be paid her five thousand dollars out of the proceeds and the residue be divided among the residuary devisees of this part of the estate.

I am inclined to think that, under the circumstances, Mrs. Jaques is not entitled to interest on the legacy of five thousand dollars, but only to the principal sum. It seemed to be necessary to resort to this court for its aid, in selling the real estate before the legacy could be paid. She demanded a sale in April, one thousand eight hundred and thirty-five and might then have filed a bill herself for the purpose. This she did not do, but left it to the two other executors to file the bill. Whatever delay there was in this, she might have avoided. Since the bill was filed, there has been no delay, except what was inseparable from the nature of the case and the state of business in this court. She must, therefore put up with the inconvenience, if any, of being kept out of the money so long.

But she is entitled to it free from any deduction on account of costs; the defendants, who have contested her rights and produced the controversy, will be sufficiently mulcted, if they are made to bear the whole costs of this suit out of the balance which will be coming to them, after paying her legacy. Decree accordingly.